UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Timothy Falkenberg &                                              Civil No. 10-4343 (SRN/FLN)
Rochelle Falkenberg,

                    Plaintiffs,
v.                                                              **REPORT AND**
                                                                           **RECOMMENDATION**
Countrywide Home Loans, Inc. &
Federal National Mortgage Assoc.,

                    Defendants.

_____

Timothy Falkenberg, pro se.
Mark G. Schroeder for Defendants.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on August 27, 2012 on Defendants' motion for summary judgment (ECF No. 38). The matter was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, the Court recommends that Defendants' motion be **DENIED**.

## I.    BACKGROUND

In June 2003, the Falkenbergs executed a mortgage, secured by a promissory note, on their property located at 11045 Lower 167th St. W, Lakeville, MN. The mortgage was in favor of MERS, recorded in August 2003, and subsequently assigned to Countrywide.

The Falkenbergs fell behind in their mortgage payments. In April 2008, Countrywide sent the Falkenbergs a letter regarding the Home Saver Advance program. Odeyemi Aff. Ex. A. In the letter, Countrywide offered to bring the Falkenbergs' loan current if they signed a promissory note for the delinquent amount ($7,649.04) and then resumed making their monthly payments. *Id.* The offer required the Falkenbergs to "sign the enclosed forms and return them in the pre-paid envelope by May 30, 2008." *Id.* Countrywide received the documents on June 2, 2008, one business day after

Defendant contends they were due.[1]  *Id.* Exs. B & C.  Although the Falkenbergs signed the documents, they did not date them.  *Id.* Exs. B & C.  Based on its contention that their acceptance was late, Countrywide refused to enroll the Falkenbergs in the Home Saver Advance program.  *Id.* Ex. D.

A few weeks later, on June 17, 2008, Countrywide purchased the home at a foreclosure sale.  In April 2010, Countrywide conveyed the property to Fannie Mae.

## II.  ANALYSIS

### A.  Standard of review

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a).  To support an assertion that a fact cannot be or is genuinely disputed, a party must cite "to particular parts of materials in the record," show "that the materials cited do not establish the absence or presence of a genuine dispute," or show "that an adverse party cannot produce admissible evidence to support the fact."  Fed.R.Civ.P. 56(c)(1)(A)-(B).  "The court need consider only the cited materials, but it may consider other materials in the record."  Fed.R.Civ.P. 56(c)(3).  In determining whether summary judgment is appropriate, a court must look at the record and any inferences to be drawn from it in the light most favorable to the nonmovant.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

### B.  A genuine factual dispute precludes granting summary judgment.

Defendants contend that their offer expired prior to the Falkenbergs' acceptance, so no genuine dispute of material fact exists as to whether a contract was formed.  This contention depends

---

[1]  May 30, 2008 was a Friday, and June 2, 2008 was a Monday.

upon the language in the offer that required the forms to be "returned . . . by May 30." Odeyemi Aff. Ex. A. Defendants interpret this language to mean that the forms needed to be received by May 30. The Court disagrees.

The interpretation of a contract is a question of law. *Business Bank v. Hanson,* 769 N.W.2d 285, 288 (Minn. 2009). "The plain and ordinary meaning of contract language controls, unless the language is ambiguous." *Id.* Countrywide's offer is not ambiguous. "To return" means "to send, put or carry back." *American Heritage Dictionary* 1056 (2d. ed. 1982). The Falkenbergs' acceptance became effective when mailed. Even if the Court were to conclude that the offer was ambiguous as to the manner of acceptance, it would construe the offer against Countrywide. *See Beattie v. Prod. Design & Eng'g Inc.*,198 N.W.2d 139, 147 (1972) ("[A]ccording to the established law of Minnesota, since the agreement in question was prepared by the defendant, all doubts or ambiguities must be resolved against the defendant.").

If the forms in question were mailed on or before the May 30 deadline, the Falkenbergs might well prevail on their contract claim. If they did not mail the forms on or before the May 30 deadline, then it would appear Defendants would prevail. As there is a genuine issue of material fact regarding whether the parties agreed to modify their mortgage contract, Defendants are not entitled to summary judgment. If further discovery should establish that the forms in question were not mailed by the May 30 deadline, Defendants may renew their motion.

Because the Defendants are not at present entitled to summary judgment, this Court recommends that the Court not address the claims in the case piecemeal. If the Defendants should renew their motion, the Court can also address the remaining claims as to which Defendants assert they are entitled to summary judgment.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, it is **HEREBY RECOMMENDED** that Defendants' motion for summary judgment (ECF No. 38) be **DENIED**.

DATED: February 4, 2013                  *s/ Franklin L. Noel*
                                                               FRANKLIN L. NOEL
                                                               United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **February 18, 2013**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **February 18, 2013,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.