UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Timothy Falkenberg,
Rochelle Falkenberg,                    Civil No. 10-CV-4343 (SRN/FLN)

       Plaintiffs,                    MEMORANDUM AND ORDER

v.

Countrywide Home Loans, Inc. and
Federal National Mortgage Association,

       Defendants.

_____

Timothy Falkenberg, 11045 Lower 167th Street West, Lakeville, Minnesota 55044, Pro Se, and Rochelle Falkenberg, 5418 Fawn Meadow Curve Southeast, Prior Lake, Minnesota 55372, Pro Se

Mark G. Schroeder and Tara Reese Duginske, Briggs & Morgan, PA, 80 South Eighth Street, Suite 2200, Minneapolis, Minnesota 55402, for Bank of America Corp., as successor in interest to Defendant Countrywide Home Loans, Inc.

Benjamin E. Gurstelle, Mark G. Schroeder, and Tara Reese Duginkse, Briggs & Morgan, PA, 80 South Eighth Street, Suite 2200, Minneapolis, Minnesota 55402, for Defendant Federal National Mortgage Association
_____

SUSAN RICHARD NELSON, United States District Court Judge

      This matter is before the Court on Defendants' Objection to the Report and Recommendation ("R&R") of Magistrate Judge Franklin L. Noel dated February 4, 2013 [Doc. No. 51]. In the R&R, Magistrate Judge Noel recommended that the Court deny Defendants' Motion for Summary Judgment [Doc. No. 38].

      According to statute, the Court must conduct a de novo review of any portion of

the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court sustains Defendants' objections, adopts the R&R in part and declines to adopt it in part, and grants in part and denies in part Defendants' Motion for Summary Judgment.

## I. BACKGROUND

As Magistrate Judge Noel set forth in the R&R, the Falkenbergs executed a mortgage in June 2003, secured by a promissory note, on property located at 11045 Lower 167th Street West, Lakeville, Minnesota. (R&R at 1 [Doc. No. 49].) The mortgage was in favor of MERS, recorded in August 2003, and subsequently assigned to Countrywide Home Loans, Inc. ("Countrywide"). Plaintiffs fell behind in their mortgage payments. In April 2008, Countrywide sent Plaintiffs a letter offering to enroll them in the Home Saver Advance Program. (Id.) (citing Ex. A to Odeyemi Aff. [Doc. No. 43-1]) Under the Home Saver Advance Program, Countrywide offered to bring the Falkenbergs' loan current if they signed a promissory note for the delinquent amount of $7,649.04 and resumed their monthly payments. (Id.) Pursuant to the offer, the Falkenbergs were required to complete the necessary paperwork sent to them by Countrywide and return it to Countrywide by May 30, 2008. (Id.) The Falkenbergs signed and completed the documents, but did not date them. (Ex. B & C to Odeyemi Aff. [Doc. No. 43-1].) A stamp affixed to the paperwork by Countrywide indicates that Plaintiffs' paperwork was received on June 2, 2008 – one business day after the due date. (Id.) Countrywide

considered the Falkenbergs' paperwork late and Plaintiffs were not enrolled in the Home Saver Advance Program.  (Ex. D to Odeyemi Aff. [Doc. No. 43-1].)  Subsequently, on June 17, 2008, Countrywide purchased the Falkenbergs' home at a foreclosure sale.  (R&R at 2 [Doc. No. 49].)  In April 2010, Countywide conveyed the property to Federal National Mortgage Association ("Fannie Mae").  (Id.)

In September 2010, Plaintiffs commenced this action in Dakota County District Court.  (Compl. [Doc. No. 1-1].)  Defendants removed the case to this Court in October 2010.  (Notice of Removal [Doc. No. 1].)  Plaintiffs assert five causes of action in their Amended Complaint: (1) declaratory judgment under Minn. Stat. § 550.01 that the foreclosure sale is null and void and that the Falkenbergs entered into a valid contract reinstating the mortgage (Count 1); (2) violation of the Minnesota False Statement in Advertising Act ("MFSAA"), Minn. Stat. § 325F.67 (Count 2); (3) violation of the Minnesota Consumer Fraud Act ("MCFA"), Minn. Stat. §§ 325F.68-.69 (Count 3); violation of the Minnesota Deceptive Trade Practices Act ("MDTPA"), Minn. Stat. § 325D.44 (Count 4); and (5) breach of contract (Count 5).  (Am. Compl. [Doc. No. 5].)

Defendants moved for summary judgment on all of Plaintiffs' claims, arguing that no genuine issues of material fact were in dispute and that they were entitled to judgment as a matter of law.  (Defs.' Mot. for Summ. J. [Doc. No. 38].)  In addition, Defendant Fannie Mae argued that because Plaintiffs' allegations are not asserted against Fannie Mae, it is entitled to summary judgment.  In the R&R, Magistrate Judge Noel addressed Plaintiffs' breach of contract claim on the merits.  (R&R at 3 [Doc. No. 49].)  The

Magistrate Judge noted that if the Falkenbergs' forms were mailed on or before Countrywide's May 30 deadline, they might prevail on their contract claim. (Id.) Finding genuine issues of material fact as to this issue, he denied Defendants' motion on this claim. (Id.) Magistrate Judge Noel declined to rule on the merits as to the remaining claims in the Complaint, as well as Fannie Mae's motion for summary judgment, recommending that the Court not address the claims piecemeal. (Id.)

Defendants timely filed objections to the R&R, objecting to the Magistrate Judge's decision to not address summary judgment on the three statutory claims (Counts 2, 3, and 4), and the denial of summary judgment as to Defendant Fannie Mae. (Objections at 1 [Doc. No. 51].) Plaintiffs did not file a response to Defendants' objections.

While the R&R did not specifically address Plaintiffs' claim in Count 1 for a declaratory judgment that the sheriff's sale was void and that Plaintiffs entered into a valid contract reinstating the mortgage, this claim is connected with Plaintiffs' breach of contract claim, and Defendants do not object to the portion of the R&R concerning that ruling. (Objections at 2, n.1 [Doc. No. 51].) The Court therefore confines its analysis to the portions of the R&R to which Defendants specifically object – the statutory claims in Counts 2, 3, and 4. Also, while the R&R did not address the summary judgment motion as to Defendant Fannie Mae on the merits, because Defendants object to the denial of summary judgment regarding Fannie Mae, the Court considers this issue as well.

## II.   DISCUSSION

As noted in the R&R, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  (R&R at 2 [Doc. No. 49]) (quoting Fed. R. Civ. P. 56(a)).  The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party.  Enter. Bank v. Magna Bank of Missouri, 92 F.3d 743, 747 (8th Cir. 1996).  However, "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action."  Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  Id. at 323; Enter. Bank, 92 F.3d at 747.  A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials, but must set forth specific facts in the record showing that there is a genuine issue for trial.  Anderson v. Liberty Lobby, Inc., 256 (1986).  Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate.  Mumford v. Godfried, 52 F.3d 756, 759 (8th Cir. 1995) (citing Crain v. Board of Police Comm'rs, 920 F.2d 1402, 1405-06 (8th Cir. 1990).

A.     **Statutory Claims**

Because the R&R did not address the merits of Defendants' motion regarding the statutory claims in Counts 2, 3, and 4 of the Complaint, the question is whether summary judgment in favor of Defendants on these claims is appropriate. The purpose of summary judgment under Rule 56 is to "promptly dispos[e] of actions in which there is no genuine issue as to any material fact or in which only a question of law is involved." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 2712 (3d ed. 1998). Accordingly, "parties need not wait until a case is fully tried but may seek a final adjudication of the action by a motion under Rule 56." (Id.) Rule 56 contemplates that parties may move to dispose of some or all of their opponent's claims or defenses: "A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought." Fed. R. Civ. P. 56(a) (emphasis added). When the movant has established that there is no dispute as to any material fact on a given claim or defense, and the movant is entitled to judgment as a matter of law, the court "shall grant summary judgment." Id. The Court therefore considers on the merits Defendants' summary judgment motion as to the three statutory claims and as to Fannie Mae. Accordingly, the Court declines to adopt the R&R's recommendation that the Court not consider summary judgment on individual claims in a piecemeal fashion. (R&R at 3 [Doc. No. 49].)

### 1. Public Benefit

Defendants argue that Plaintiffs' statutory claims must be dismissed because they are not brought in the public interest, but rather are actions based on private damages arising from the Falkenbergs' foreclosure. (Objections at 4 [Doc. No. 51].) The Minnesota consumer statutes at issue – the MFSAA, MCFA, and MDTPA – do not provide for private causes of action. However, "any person injured by a violation" of these statutes may file suit under the Minnesota Private Attorney General Statute, Minn. Stat. § 8.31, subd. 3a., to recover damages as well as costs and attorney fees. Minn. Stat. § 8.31, subd. 3a; Khoday v. Symantec Corp., 858 F. Supp.2d 1004, 1016 (D. Minn. 2012). Because an individual plaintiff stands in the shoes of the Attorney General when bringing a private claim under these statutes, an individual plaintiff's suit must benefit the public. Ly v. Nystrom, 615 N.W.2d 302, 314 (Minn. 2000) (holding that the Private Attorney General Statute applies only to those claimants who demonstrate that their causes of action for violation of the MCFA and MDTPA benefit the public); Wehner v. Linvatech Corp., No. 06-CV-1708 (JMR/FLN), 2008 WL 495525, at *3 (D. Minn. Feb. 20, 2008) (holding that a private plaintiff's cause of action for violations under the MCFA, MFSAA, and the MDTPA must benefit the public). The private plaintiff thus assumes the role of the Attorney General who "has for a client the public," as opposed to a "private practitioner who seeks vindication of a particular result for a particular client." Humphrey v. McLaren, 402 N.W.2d 535, 543 (Minn. 1987). "Litigation over an alleged misrepresentation that was made only to one person 'does not advance state interests and

enforcement has no public benefit.'" Davis v. U.S. Bancorp, 383 F.3d 761, 768 (8th Cir. 2004) (quoting Ly, 615 N.W.2d at 314).

In determining whether a lawsuit is brought for a public benefit, courts examine the form of the alleged misrepresentation as well as the relief sought by the plaintiff. In re Levaquin Prods. Liab. Litig., 752 F. Supp.2d 1071, 1077 (8th Cir. 2010) (citing Zutz v. Case Corp., No. 02-CV-1776 (PAM/RLE), 2003 WL 22848943, at *4 (D. Minn. Nov. 21, 2003)). Where a plaintiff requests only damages, courts are unlikely to find a public benefit. See id. (citations omitted).

Courts have analyzed the public benefit requirement as both a necessary element of a prima facie claim brought by an individual plaintiff under the consumer protection statutes, see, e.g., Khoday, 858 F. Supp.2d at 1016, and as a necessary requirement for prudential standing. Davis, 383 F.3d at 768. In Ly, the buyer of a restaurant brought a common law fraud and MCFA claim against the seller. 615 N.W.2d at 305. The Minnesota Supreme Court affirmed the decision of the Minnesota Court of Appeals finding that because the plaintiff's MCFA claim did not benefit the public, he had no cause of action under the MCFA:

> Appellant was defrauded in a single one-on-one transaction in which the fraudulent misrepresentation, while evincing reprehensible conduct, was made only to appellant. A successful prosecution of his fraud claim does not advance state interests and enforcement has no public benefit, and is not a claim that could be considered to be within the duties and responsibilities of the attorney general to investigate and enjoin.

Ly, 615 N.W.2d at 314.

The Eighth Circuit reached a similar decision in Davis. 383 F.3d at 768. There, an individual borrower-plaintiff alleged that U.S. Bank made misrepresentations in connection with the plaintiff's loan application. The plaintiff attempted to distinguish her case from Ly, arguing that her experience with U.S. Bank was reflective of its treatment of other customers. The Eighth Circuit rejected this argument, noting that the plaintiff failed to present evidence that similar misrepresentations were made to the public at large. Id. In addition, the court observed that

> [t]he class of plaintiffs under the private attorney general statute would be limitless if we assumed that one individual's negative experience with a company was necessarily duplicated for every other individual and on that basis treated personal claims as benefitting the public. Such an assumption might well render nearly every private suit alleging fraud a public benefit case. Davis had a private transaction with U.S. Bank in which poor communication and confusion on both sides resulted in the cancellation of a purchase agreement.

Id. at 768.

Here, in Plaintiffs' claim for a violation of the MFSAA (Count 2), the Falkenbergs assert the following allegations with respect to the public:

> 49.   Upon information and belief, Defendant Countrywide through its Homesaver Advance program placed before the Falkenbergs and other members of the public, with the intent that the public enter into an obligation, a bill, label, price tag, circular, pamphlet, program, or letter which contained material assertions, representations or statements of fact which were untrue, deceptive or misleading.
>
> 50.   The Falkenbergs are a member of the "public" for purposes of Minn. Stat. § 325F.67.

(Am. Compl. ¶¶ 49-50 [Doc. No. 5].) The Complaint contains no additional allegations

regarding the public at large. In addition to requesting damages, Plaintiffs seek to enjoin Defendants from engaging in similar conduct or practices in the future. (Id. at pp. 14-16.)

The Court finds that Plaintiffs' statutory claims fail as a matter of law because there is no evidence before the Court supporting Plaintiffs' allegations as to the public at large. Moreover, as to Plaintiffs' claims under the MCFA and the MDTPA, the Amended Complaint does not even contain <u>allegations</u> concerning the public. (Id. ¶¶ 56-68.) Rather, Plaintiffs' statutory claims concern their individual transaction with Defendants. While they seek injunctive relief beyond monetary damages (id. at pp.14-16), and allege "upon information and belief" that Defendants placed false advertising before them and "other members of the public" (id. ¶ 49), they have offered no evidence to this effect.[1] Even viewing the facts in the light most favorable to Plaintiffs, they have not demonstrated that their statutory claims advance the public interest or that the alleged conduct or misrepresentations were made to the public at large. The public benefit requirement for these statutory claims is therefore lacking, whether as a requirement for standing or as a necessary element of these claims. Accordingly, Plaintiffs' claims under the MFSAA, MCFA, and the MDTPA fail as a matter of law. Defendants are entitled to summary judgment on Counts 2, 3, and 4 of the Amended Complaint.

### 2. Individual Elements of Statutory Claims

Defendants additionally argue that the claims under the MFSAA, MCFA, and the

---

[1] Plaintiffs also filed no memorandum in opposition to Defendants' summary judgment motions.

MDTPA fail for reasons independent of the public benefit requirement.  (Defs.' Mem. Supp. Mot. for Summ. J. at 9-12 [Doc. No. 42].)  The Court agrees.

As to Plaintiffs' MFSAA claim, Plaintiffs must establish that the purported false statement was published, disseminated, circulated or otherwise placed before the public. Minn. Stat. § 325F.67.  As noted above, Plaintiffs have failed to submit evidence that Countrywide's alleged misrepresentations were placed before the public.  While the Home Saver Advance Letter may have been a form letter, it was addressed to the Falkenbergs individually and nothing in the record indicates a broader dissemination. (Ex. A to Odeyemi Aff. [Doc. No. 43-1].)  Accordingly, Count 2 fails for this additional reason.

Turning to the MCFA claim, in order to prevail under such a claim, a plaintiff must show that the defendant intentionally made a misrepresentation.  Baker v. Best Buy Stores, LP, 812 N.W.2d 177, 183-84 (Minn. Ct. App. 2012) (citing Group Health Plan, Inc. v. Philip Morris, Inc., 621 N.W.2d 2, 12 (Minn. 2001)).  Plaintiffs have failed to plead the requisite element of intent as to their MCFA claim.  Most importantly, in opposition to this summary judgment motion, Plaintiffs have failed to submit evidence demonstrating intent.  Accordingly, Count 3 fails for this additional reason.

Finally, as to Plaintiffs' MDTPA claim, a claim under the MDTPA "provides [injunctive] relief for a 'person likely to be damaged,'" or, in other words, "it provides relief from future damage, not past damage."  Gardner v. First American Title Ins. Co., 296 F. Supp.2d 1011, 1020 (D. Minn. 2003) (quoting Lofquist v. Whitaker Buick-Jeep-

11

Eagle, Inc., 2001 WL 1530907, at *2 (Minn. Ct. App. Dec. 4, 2001)). In Gardner, this Court observed that although the plaintiffs attempted to fill in the evidentiary gap of future harm with argument, "the case is now at summary judgment and Plaintiffs must advance record evidence sufficient to support an inference of future harm to Plaintiffs." Id. Finding no such evidence, the Court granted summary judgment for the defendants. Id. Here, Plaintiffs have neither asserted or established that they will suffer a similar injury in the future. Accordingly, their claim under the MDTPA fails for this reason as well.

For all of the reasons set forth above, Defendants' summary judgment motion is granted as to Plaintiffs' claims under the MFSAA (Count 2), the MCFA (Count 3), and the MDTPA (Count 4).

### B. Claims Against Fannie Mae

Turning to Defendants' motion for summary judgment as to all claims asserted against Defendant Fannie Mae, it is granted. With the exception of the factual assertion that "on May 5, 2010, [Fannie Mae] moved to evict Defendants [sic]" (Am. Compl. ¶36 [Doc. No. 5]), all of the Falkenbergs' claims are asserted against Countrywide. Countrywide alone is referenced in the allegations setting forth the five causes of action. (Id. ¶¶ 37-76.) Because Plaintiffs have offered no evidence in support of their suit against Fannie Mae, and because no genuine issues of material fact exist as to this defendant, Fannie Mae is granted summary judgment.

## III. CONCLUSION

Having considered Defendants' objections and having examined the record, the Court concludes that Defendants are entitled to summary judgment as a matter of law as to Plaintiffs' statutory claims in Counts 2, 3, and 4.  Accordingly, the Court declines to adopt the R&R's recommendation that Defendants' motion as to those claims be heard at a later date.  The Court also finds no claim has been adequately asserted against Defendant Fannie Mae.  To the extent that the R&R recommended deferring consideration of summary judgment as to Fannie Mae, the Court also declines to adopt this recommendation.  As to the Magistrate Judge's additional recommendations denying summary judgment on Counts 1 and 5, they are adopted.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendants' objections to the R&R are sustained.

2. The Court **ADOPTS in part** and **DECLINES to adopt in part** the R&R [Doc. No. 49]; and

3. Defendants' Motion for Summary Judgment [Doc. No. 38] is **GRANTED in part** as to Counts 2, 3, and 4 of the Amended Complaint, and as to Defendant Federal National Mortgage Association, and **DENIED in part as to Counts 1 and 5**.

Dated:   March 25, 2013

                                          s/Susan Richard Nelson
                                          SUSAN RICHARD NELSON
                                          United States District Court Judge